JESÚS MARÍA RÍOS BRIONES, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; SOL LUIS DESCARTES, TESORERO DE PUERTO RICO, interventor.

Núm. 246. *Sometido:* Abril 10, 1950. *Resuelto:* Abril 24, 1950.

244

*Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco, J. B. Fernández Badillo* y *José A. García Malpica, Procuradores Generales Auxiliares,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El contribuyente radicó una querella ante el Tribunal de Contribuciones en solicitud de que se dejara sin efecto la actuación del Tesorero al notificarle una deficiencia por contribuciones sobre ingresos. Dicho tribunal desestimó la querella por falta de jurisdicción, fundado en que había sido radicada tardíamente. A petición del contribuyente expedimos el auto de *certiorari* para revisar esta decisión.

Tenemos ante nuestra consideración dos mociones. La primera es una radicada por el contribuyente en auxilio de nuestra jurisdicción. Alega que el Tesorero le ha notificado que él (el Tesorero) procedió a cobrar la deficiencia en cuestión separando dicha suma de la fianza en efectivo prestada por el peticionario con el Tesorero. El contribuyente solicita que ordenemos al Tesorero que proceda a reintegrar la suma por él cobrada a la fianza prestada por el peticionario y que se abstenga de tasar y cobrar la deficiencia envuelta hasta tanto este Tribunal resuelva la cuestión suscitada en este recurso de certiorari.

La segunda moción fué radicada por el Tesorero y solicita éste la desestimación del recurso por el fundamento de que carecemos de jurisdicción porque el contribuyente dejó de pagar la deficiencia antes de la radicación de la petición de certiorari. Como esta última moción levanta una cuestión

jurisdiccional, pasaremos sobre ella antes de considerar la moción del contribuyente.

■■ Admite el Tesorero que antes de 1949, cuando el Tribunal de Contribuciones desestimaba por falta de jurisdicción una querella relacionada con una deficiencia, el contribuyente podía solicitar la revisión sin haber pagado la deficiencia notificádale por el Tesorero.   Esto era así porque la sección 76 de la Ley de Contribuciones sobre Ingresos exigía el pago para poder invocar nuestra jurisdicción solamente cuando "un contribuyente no estuviere conforme con la deficiencia. . . determinada" por el Tribunal de Contribuciones, y una decisión de dicho Tribunal desestimando una querella por falta de jurisdicción no es una determinación de una deficiencia por dicho Tribunal. *González Padín Co.* v. *Tribl. de Contribuciones*, 67 D.P.R. 221; *Irizarry* v. *Tribunal de Contribuciones*, ante, pág. 191.   Pero alega el Tesorero que la Legislatura varió esta regla enmendando la sección 57 (*b*) de la Ley mediante la Ley núm. 230, Leyes de Puerto Rico, 1949. (¹)

No podemos estar de acuerdo con la contención del Tesorero.   Al considerar este punto en los casos de *González Padín* e *Irizarry*, nunca mencionamos la sección 57 (*b*) precisamente porque la misma nada tiene que ver con este problema.   La sección 57 (*b*), lo mismo antes que después de la

(¹) La sección 57 (*b*), según ha sido enmendada por la Ley núm. 230, lee como sigue: "Cuando el contribuyente no apelare para ante el Tribunal de Contribuciones de Puerto Rico, de acuerdo con disposiciones de ley, el Tesorero procederá a tasar la deficiencia por él determinada y notificada, con intereses a razón del seis por ciento (6%) anual sobre dicha deficiencia, desde la fecha prescrita para el pago del primer plazo de la contribución. Cuando habiéndose apelado para ante el Tribunal de Contribuciones de Puerto Rico dicho Tribunal se declarase *sin jurisdicción sobre el asunto* o determinare que existe una deficiencia, la contribución determinada por el Tesorero o por el Tribunal de Contribuciones de Puerto Rico, según sea el caso, será tasada por el Tesorero con intereses a razón del seis por ciento (6%) anual desde la fecha prescrita para el pago del primer plazo de la contribución, y deberá ser totalmente satisfecha por el contribuyente a requerimiento del Tesorero." (Bastardillas nuestras.)

aprobación de la Ley núm. 230, se aplica a aquellas situaciones donde el contribuyente no acude para ante este Tribunal. Bajo tales circunstancias, tanto en los casos en que el Tribunal de Contribuciones se ha declarado sin jurisdicción como cuando ha determinado una deficiencia en los méritos, el Tesorero puede proceder a tasar y cobrar la contribución porque la sentencia del Tribunal de Contribuciones es firme.

Sin embargo, en este caso el contribuyente realizó gestiones para invocar nuestra jurisdicción. Por consiguiente, la sección 57 (b) no es aplicable. Más bien es de aplicación la sección 76, según ha sido enmendada por la Ley núm. 230. (²) En la sección 76, como ha sido enmendada, la Legislatura cuidadosamente conservó la regla establecida en el caso de *González Padín*. Proveyó que el pago de la deficiencia cuando se acude ante nos por certiorari se requiere únicamente cuando la deficiencia es "determinada" por el Tribunal de Contribuciones. Y, como hemos indicado, dicho Tribunal no "determina" una deficiencia cuando desestima por falta de jurisdicción la querella de un contribuyente. Por lo tanto, el contribuyente actuó correctamente en este caso cuando ra-

---

(²) La sección 76, según ha sido enmendada por la Ley núm. 230, prescribe así: "Cuando un contribuyente no estuviere conforme con la deficiencia o parte de la deficiencia determinada por el Tribunal de Contribuciones de Puerto Rico y deseare recurrir de dicho fallo ante la Corte Suprema de Puerto Rico, de acuerdo con la ley, estará, no obstante, obligado a pagar totalmente la deficiencia así determinada, dentro del término que para recurrir ante dicha Corte Suprema establece la ley, el incumplimiento de cuyo requisito privará a la Corte Suprema de jurisdicción. Si la sentencia dictada por la Corte Suprema fuere favorable al contribuyente, el Tesorero procederá a reintegrar a éste, con cargo a cualesquiera fondos existentes en Tesorería, la suma ordenada en dicha sentencia, más los intereses sobre dicha suma, a razón del seis por ciento (6%) anual desde la fecha de la radicación del recurso de certiorari ante dicha Corte. Si el Tesorero recurriere ante la Corte Suprema de una decisión del Tribunal de Contribuciones de Puerto Rico resolviendo que una deficiencia determinada por el Tesorero no existe o que es menor de la que hubiere determinado dicho funcionario, y la sentencia dictada por dicha Corte fuere favorable al Tesorero, éste tasará la contribución de acuerdo con dicha sentencia, más intereses a razón del seis por ciento (6%) anual desde la fecha prescrita para el pago del primer plazo de la contribución; y el contribuyente deberá pagar el total a requerimiento del Tesorero."

dicó su petición de certiorari sin pagar la deficiencia notificádale por el Tesorero. Por consiguiente, debemos declarar sin lugar la moción del Tesorero para desestimar el recurso por falta de jurisdicción. (³)

■ Como consecuencia del resultado a que hemos llegado en cuanto a la moción del Tesorero, se hace necesario declarar con lugar la moción del contribuyente. La sección 76 autoriza al contribuyente en este caso a radicar una solicitud de certiorari ante este Tribunal sin pagar la deficiencia. Si expedimos el auto, el Tesorero no puede proceder a cobrar la contribución deduciéndola de la fianza en efectivo antes de nuestra decisión. Si confirmamos la decisión del Tribunal de Contribuciones, o si revocamos la misma y después de un juicio en los méritos ante el Tribunal de Contribuciones éste determina una deficiencia en los méritos, el Tesorero estará autorizado para cobrar la deficiencia. Pero hasta que ocurra cualquiera de estas circunstancias, el Tesorero no puede dar paso alguno para cobrar la deficiencia deduciéndola de la fianza en efectivo. Resolver lo contrario sería derrotar los remedios provistos por la ley para atacar deficiencias.

*Se dictará una resolución declarando sin lugar la moción del Tesorero para desestimar el recurso por falta de jurisdicción, y declarando con lugar la moción del contribuyente para que se ordene al Tesorero a reintegrar la suma aquí envuelta a la fianza en efectivo y ordenándole que se abstenga de tasar y cobrar la deficiencia hasta que decidamos la cuestión levantada en la petición de certiorari.*

---

(³) Después de celebrada la vista, el Tesorero radicó una moción en la que intentaba desistir de su moción de desestimación en la teoría de que su actuación al cobrar la contribución de la fianza en efectivo equivalía a haber el contribuyente pagado dicha contribución, dándole con ello derecho a éste a invocar nuestra jurisdicción. Pero no podemos declarar con lugar la moción del Tesorero sobre esta teoría, en vista de nuestra decisión al efecto de que no era necesario tal pago. Más bien, por los motivos expuestos en la opinión, la moción de desestimación del Tesorero será denegada en los méritos.